**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANTHONY WONG, an individual, | No. 14-55576 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01939-GW-AGR |
| v. | |
| MICHAELS STORES, INC., a Delaware corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted April 8, 2016[**]
Pasadena, California

Before: FARRIS, SENTELLE[***], and M. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David Bryan Sentelle, Senior Circuit Judge for the U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

Anthony Wong joined this lawsuit against Michaels Stores, Inc., ("Michaels") asserting various wage-and-hour claims. The district court held that because Wong had failed to disclose his claims against Michaels in two subsequently filed bankruptcy proceedings, he was judicially estopped from pursuing them. It therefore granted summary judgment in favor of Michaels. This appeal followed.

The following facts are undisputed: Wong joined this lawsuit on April 22, 2009. On October 27, 2010, he filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code. He did not list his claims against Michaels on the bankruptcy schedules he filed with that petition. The bankruptcy court confirmed his reorganization plan, but eventually dismissed the proceeding because Wong and his wife failed to make plan payments. On April 26, 2012, Wong filed a second Chapter 13 petition, again without listing his pending claims against Michaels. This time, Wong obtained an order from the bankruptcy court extending the automatic stay protecting his property from creditors. Again, however, the proceeding was ultimately dismissed. Wong never amended his bankruptcy schedules in either proceeding.

Our precedents in this context are clear. The default rule is that "[i]f a plaintiff–debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013);

*Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001). The Supreme Court has observed, however, that judicial estoppel may be inappropriate "when a party's prior position was based on inadvertence or mistake." *New Hampshire v. Maine*, 532 U.S. 742, 753 (2001) (quotation marks omitted). In the bankruptcy context, this escape hatch for inadvertence or mistake is given its broadest scope when the plaintiff–debtor, upon discovering his mistake, "reopens bankruptcy proceedings, corrects [the] initial error, and allows the bankruptcy court to re-process the bankruptcy with the full and correct information." *Ah Quin*, 733 F.3d at 273. When that has happened, we have held that a court must inquire into "whether the plaintiff's bankruptcy filing was, in fact, inadvertent or mistaken, as those terms are commonly understood." *Id.* at 276. But where the plaintiff–debtor has not reopened bankruptcy proceedings and corrected the error, we apply the exception for inadvertence or mistake narrowly, asking only "whether the debtor knew about the claim when he or she filed the bankruptcy schedules and whether the debtor had a motive to conceal the claim." *Ah Quin*, 733 F.3d at 271.

Here, Wong omitted his pending claims for his bankruptcy schedules; he never attempted to amend those schedules to correct the error; he undisputedly knew of his pending claim when he filed his schedules; and, as is almost always the case, he had a motive to conceal his claim: to "get rid of [his] creditors on the cheap, and start over

with a bundle of rights." *See Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir. 1993). Thus, the inquiry Wong urges into his subjective state of mind is inapposite. In these circumstances, we presume deceit, rebuttable only with proof that the plaintiff either did not know of the claim or had no motive to conceal it. *See Ah Quin*, 733 F.3d at 271. Neither has been shown here. Nor does it matter that Wong's bankruptcy proceedings were ultimately dismissed without a discharge of his debt: We have held that less-final judicial reliance on a debtor's nondisclosure of his claims—such as, here, the confirmation of a reorganization plan and extension of a stay—are sufficient to occasion judicial estoppel. *See Hamilton*, 270 F.3d at 784. Thus, the district court did not abuse its discretion in holding that Wong's action was judicially estopped. Its decision is therefore

**AFFIRMED.**